IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PHILLIP JACKSON on behalf of himself individually, and ALL OTHERS SIMILARLY SITUATED | § § § § § | Civil Action No. |
| Plaintiffs, | § § | |
| v. | § § | COLLECTIVE ACTION (JURY TRIAL) |
| TRS STAFFING SOLUTIONS INC, and CHEVRON PHILLIPS CHEMICAL COMPANY LLC Defendants. | § § § § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### SUMMARY

1. TRS Staffing Solutions Inc. and Chevron Phillips Chemical Company LLC do not pay their Materials Supervisors overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the FLSA). Instead, TRS Staffing Solutions Inc. and Chevron Phillips Chemical Company LLC pays its Materials Supervisors straight time, not time and a half for overtime hours worked. Because these workers are employees under the FLSA, Phillip Jackson, and the other Materials Supervisors are entitled to recover unpaid overtime as well as other damages.

2. Defendant TRS Staffing Solutions Inc. and Chevron Phillips Chemical Company LLC have a policy, enforced at all of its locations throughout the United States, denying Plaintiffs and putative class members compensation at time and a half, and paying only straight time for hours worked above forty (40) per week.

3. Defendant TRS Staffing Solutions Inc. is a foreign corporation with locations throughout Texas and the United States. TRS staffing Solutions Inc. may be served with process through its Registered Agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

4. Defendant Chevron Phillips Chemical Company LLC is a foreign limited liability company with locations throughout Texas and the United States. It may be served with process through its Registered Agent CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

5. Whenever in this complaint it is alleged that the named Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees committed such act or omission and that at the time such act or omission was committed, it was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees.

6. At all material times, Defendants has been employers within the meaning of 3(d) of the FLSA 29 U.S.C. § 203(r). Additionally, under 29 C.F.R. 791.2(b)(1)(3), when the "employers are not completely disassociated with respect to the employment of particular employees, and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by or is under common control with the other employer," a joint employment relationship exists. Here, TRS Staffing Solutions Inc. and Chevron Phillips Chemical Company LLC are joint employers as the term "joint employer" is defined by the Fair Labor Standards Act and interpreted by the United States Department of Labor. 29 C.F.R.791.2(b)(1)(2).

7. To be clear, this complaint and the allegations contained herein are of the conduct of Defendant TRS Staffing Solutions Inc. and Chevron Phillips Chemical Company LLC who maintained a uniform pay policy denying overtime wages to its Materials Supervisors and paying them only straight time for hours worked above forty at all of its locations throughout the state of Texas.

8. Defendant TRS Staffing Solutions Inc. is a staffing company that hired Plaintiff and issued his paychecks.

9. Defendant Chevron Phillips Chemical Company LLC employed Plaintiff at its Baytown Texas location and managed Plaintiff throughout the course and scope of his employment.

10. Putative class members are all similarly situated Materials Supervisors hired by TRS Staffing Solutions Inc. who worked at Chevron Phillips Chemical Company LLC and were paid straight time instead of time and a half for hours worked above forty (40) per week.

## JURISDICTION AND VENUE

11. This court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

12. Venue is proper because defendants have locations in the Southern District of Texas and many of the relevant facts occurred there.

## PARTIES

13. Phillip Jackson worked for TRS Staffing Solutions Inc. and Chevron Phillips Chemical Company LLC as a Materials Supervisor. His written consent is attached.

3

14. Plaintiff was hired by TRS Staffing Solutions Inc. and employed by Chevron Phillips Chemical Company LLC at its Baytown Texas location. The type of work performed by plaintiff was consistent with non-exempt employment under the FLSA. Defendants are therefore obligated to pay its non-exempt employees overtime under the FLSA.

15. The "FLSA Class Members" are all Materials Supervisors who were hired by TRS Staffing Solutions Inc. and employed by Chevron Phillips Chemical Company LLC at all locations throughout the United States, while not being paid time and a half for overtime hours worked in the last 3 years.

### FACTS

16. Phillip Jackson was an employee of TRS Staffing Solutions Inc. and employed by Chevron Phillips Chemical Company LLC at its location in Baytown, Texas.

17. Phillip Jackson was not an independent contractor.

18. No exemption to the provisions of the FLSA excused defendants from its obligation under the FLSA to pay Phillip Jackson time and a half for the hours worked past forty (40) each week while employed by defendants.

19. TRS Staffing Solutions Inc. and Chevron Phillips Chemical Company LLC paid Plaintiff Phillip Jackson straight time, not time and a half, for the hours he worked above forty (40) during his employment with defendants.

20. Phillip Jackson was employed by Defendants as a Materials Supervisor from January 13, 2015 to July 27, 2016.

21. The work performed by Plaintiff was the primary type of work that the companies provide for their respective customers.

22. The work performed by Plaintiff was an essential part of the services provided for Defendants' Customers.

23. Chevron Phillips Chemical Company LLC and TRS Staffing Solutions Inc.'s Materials Supervisors relied on Defendants for their work.

24. Chevron Phillips Chemical Company LLC and TRS Staffing Solutions Inc. determined where its Materials Supervisors worked and how they performed their duties.

25. Chevron Phillips Chemical Company LLC and TRS Staffing Solutions Inc. set Materials Supervisors' hours and requires them to report to work on time and leave at the end of their scheduled hours.

26. Chevron Phillips Chemical Company LLC and TRS Staffing Solutions Inc. Materials Supervisors at all locations work exclusively for Chevron Phillips Chemical Company LLC and TRS Staffing Solutions Inc. since they work between 10 and 12 hours a day, as a practical matter, they cannot work anywhere else.

27. Materials Supervisors are not permitted to hire other workers to perform their jobs for them.

28. The Materials Supervisors do not employ staff, nor do they maintain independent places of business.

29. Materials Supervisors employed by defendants are paid based upon the hours they work. They cannot earn a "profit" by exercising managerial skill, and they are required to work the hours required by Chevron Phillips Chemical Company LLC and TRS Staffing Solutions Inc. each day.

30. The Materials Supervisors employed by Defendants cannot suffer a loss of capital investment. Their only earning opportunity is based on the number of hours they

were told to work, which is controlled exclusively by Chevron Phillips Chemical Company LLC and TRS Staffing Solutions Inc..

31.     Chevron Phillips Chemical Company LLC and TRS Staffing Solutions Inc. pays Materials Supervisors in return for their labor.

32.     TRS Staffing Solutions Inc. and Chevron Phillips Chemical Company LLC deducted taxes from the paychecks of Plaintiff and similarly situated employees.

33.     TRS Staffing Solutions Inc. and Chevron Phillips Chemical Company LLC keeps records of the hours it instructed its Materials Supervisors to work.  It also keeps records of the amount of pay plaintiffs and putative class members receive. Plaintiffs and putative class members were paid directly via bi-weekly pay check.

34.     Despite knowing of the FLSA's requirements and that Plaintiff and putative class members regularly worked more than 40 hours in a workweek, Defendants paid them straight time instead of time and a half for the overtime hours that they worked.

35.     Plaintiff and putative class members seek unpaid overtime wages for the three year period of time preceding the filing of this lawsuit.

## COLLECTIVE ACTION ALLEGATIONS

36.     In addition to Phillip Jackson, defendants employed dozens of other Materials Supervisors at the location where Plaintiff worked and at other locations. These employees worked over forty hours per week and were paid straight time instead of time and a half for overtime hours worked.  These FLSA Class Members performed similar job duties and they were subjected to the same unlawful policies.  The FLSA Class Members are similarly situated to Phillip Jackson.

37.     The FLSA Class Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).  Therefore, the class is properly defined as:

**All Materials Supervisors hired by** TRS Staffing Solutions Inc. **who worked at** Chevron Phillips Chemical Company LLC and **at all of its locations throughout the United States while receiving straight time instead of time and a half for overtime hours worked in the last three years.**

## CAUSE OF ACTION – VIOLATION OF THE FLSA

38. By failing to pay Plaintiff and the FLSA Class Members overtime at one and one-half times their regular rates, TRS Staffing Solutions Inc. and Chevron Phillips Chemical Company LLC violated the FLSA.

39. TRS Staffing Solutions Inc. and Chevron Phillips Chemical Company LLC owes Plaintiff and the FLSA Class Members overtime wages equal to one-half their regular rates for each overtime hour worked during the last three years.

40. TRS Staffing Solutions Inc. and Chevron Phillips Chemical Company LLC knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Its failure to pay overtime to Plaintiff and the FLSA Class Members is willful.

41. TRS Staffing Solutions Inc. and Chevron Phillips Chemical Company LLC owes Plaintiff and the FLSA Class Members for an amount equal to all unpaid overtime wages as well as liquidated damages.

42. Plaintiff and the FLSA Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## PRAYER

Plaintiff prays for relief as follows:

1. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the FLSA Class Members;

2. Judgment awarding Plaintiff and the FLSA Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief that Plaintiff and the FLSA Class Members are justly entitled.

Respectfully submitted:

THE FOLEY LAW FIRM
By: /s/ *Taft L. Foley II*
Taft L. Foley, II
Federal I.D. No. 2365112
State Bar No. 24039890
3003 South Loop West, Suite 108
Houston, Texas 77054
Phone: (832) 778-8182
Facsimile: (832) 778-8353
Taft.Foley@thefoleylawfirm.com

**ATTORNEYS FOR PLAINTIFFS**